UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER POSADA,

                Plaintiffs,                         Case No.: 2:24-cv-658-SPC-NPM

        v.

BRAVO FOODS, LLC, and
QUALITY DINING, INC.,

                Defendants,

_____/

## OPINION AND ORDER

Before the Court is Plaintiff Javier Posada's Motion for Voluntary Dismissal Without Prejudice. (Doc. 36). Defendants Bravo Foods, LLC[1] and Quality Dining, Inc. responded in opposition to the dismissal being without prejudice. (Doc. 38). For the following reasons, the motion is granted.

Posada requests that the Court dismiss this case without prejudice under Federal Rule of Civil Procedure 41(a)(2) so he can "pursue remedies on his own in other fora." (Doc. 36 at 1). Defendants do not oppose dismissal— just dismissal without prejudice. (Doc. 38 at 2). They explain that they have unsuccessfully pursued settlement and mediation with Posada and have complied with case management deadlines. In doing so, Defendants state that they have incurred attorneys' fees and costs defending this action. They oppose

_____

[1] Defendant explains it is incorrectly named in the Complaint as Bravo Foods, LLC. (Doc. 13). Its proper name is BravoFlorida, LLC.

dismissal without prejudice because Posada "clearly states that [he] intends to further pursue legal action against Defendants arising from the same facts at issue in this case." (*Id.*). According to Defendants, allowing him to pursue additional legal action based on the same underlying facts would be "unjust for Defendants." (*Id.* at 2–3).

Once an answer, as in this case, or a summary judgment motion has been filed, Rule 41(a)(2) governs a plaintiff's ability to voluntarily dismiss an action without prejudice. *See* Fed. R. Civ. P. 41(a)(2). Specifically, Rule 41(a)(2) permits a plaintiff to voluntarily dismiss an action without prejudice "only by court order, on terms that the court considers proper." *Id.*

A district court has broad discretion when considering a Rule 41(a)(2) motion for voluntary dismissal. *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the prospect of a subsequent lawsuit, as a result." *Id.* (quoting *McCants v. Ford Motor Co., Inc.*, 781 F. 2d 855, 856–57 (11th Cir. 1986)). "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Id.* (quoting *Durham v. Florida East Coast, Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). However, the fact that a plaintiff may gain an advantage in future litigation will not act as a bar to a Rule 41(a)(2) voluntary dismissal. *See Der v. E.I. Dupont De Nemours & Co.*, 142 F.R.D. 344, 346 (M.D.

Fla. 1992). Rather, a district court must exercise its broad equitable discretion to "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg*, 252 F.3d at 1256 (quoting *McCants*, 781 F.2d at 857).

Having reviewed the briefs and the record, the Court concludes that voluntary dismissal of this case without prejudice under Rule 41(a)(2) is appropriate. Considering the relatively early procedural posture of this case, the Court finds that the interests of Defendants will not be adversely affected by dismissal of this action. While Defendants state that they have incurred attorneys' fees and costs in defending this action, they do not provide the Court with any explanation as to hours expended or dollar spent. While they have pursued settlement and complied with the Court's deadlines, no significant motion practice has occurred in the case, and discovery is in its infancy. On this record, the Court cannot conclude their expenses have been considerable.

More importantly, it is obvious from their response that Defendants simply do not want to defend against these claims again. They mention that they already successfully defended a Florida Commission on Human Relations Complaint that resulted in a Determination of No Reasonable Cause. But they identify no "clear legal prejudice" or "substantial right" they would lose if the Court dismisses the case without prejudice. Nor do they hint at bad faith on

3

Posada's part. *See Arias v. Cameron*, 776 F.3d 1262, 1272 (11th Cir. 2015) (district court must look to particular facts of the case, including whether plaintiff's counsel has acted in bad faith, when evaluating a motion for voluntary dismissal under Rule 41(a)(2)). The mere prospect of a second lawsuit is insufficient to tip the balance of the equities in Defendants' favor. *See City of Jacksonville, Neighborhood Code Enf't Div. v. Jacksonville Hosp. Holdings L.P.*, No. 24-10145, 2024 WL 2186089, at *3 (11th Cir. May 15, 2024) ("And the prospect of another suit down the road is an insufficient reason to deny a motion for voluntary dismissal."). Given the above, the Court finds that no terms and conditions need to be imposed to dismiss this case without prejudice.

Accordingly, it is now **ORDERED:**

1.     Plaintiff Javier Posada's Motion for Voluntary Dismissal Without Prejudice (Doc. 36) is **GRANTED**.

2.     This action is **DISMISSED WITHOUT PREJUDICE**.

3.     The Clerk is DIRECTED to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE and ORDERED** in Fort Myers, Florida on April 25, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record